IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CRIMINAL NO. 24-CR-453 |
| | : | |
| QUINYON SPELLER | : | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, by his attorney, James F. Brose, Esquire, submits the following sentencing memorandum in support of a sentence that does not exceed 20 years incarceration, and in support thereof states the following.

I. FACTS.

On February 9, 2026, Mr. Speller pled guilty to one count of sex trafficking of a minor by force in violation of 18 U.S.C. §1591(a)(1),(b)(1), (b)(2), (c) and §1594(a) and 2; one count of sex trafficking of a minor in violation of 18 U.S.C. §1591(a)(1), (b)(2), (c) and §1594(a) and 2, and one count of sex trafficking by force in violation of 18 U.S.C. §1591(a)(1),(b)(1), (b)(2), (c) and §1594(a) and 2.

Mr. Speller admitted his role in sex trafficking two minors and one of them after she became an adult. Mr. Speller was part of the sex trade that advertised women for sex and then used hotel rooms to complete the transactions. Mr. Speller provided security and transportation for the prostitutes. There were incidents where

defendant used force, threats, and coercion to facilitate the women to work.

II. MAXIMUM PENALTIES AND GUIDELINE RANGE CALCULATIONS.

The maximum penalty for Counts 1 and 3 is 15 years imprisonment and a $250,000 fine. The maximum penalty for Count 2 is 10 years and $250,000 fine.

The presentence report calculates defendant's total offense level of **43** as follows:

1. The base offense level is **34** under §2G1.3(a)(1). **2** Points are added because defendant unduly influenced the victim to engage in prohibited sexual conduct. **2** points are added because the defendant posted advertisements online. **2** points are added because defendant directed victim to engage in sex act with an adult under §2G1.3(b)(4)(a), **3** points are added under grouping multiple counts under §3D1.4(a)(b)and (c), and **5** points are added under §4B1.5(b)(1) for an adjusted offense level of **48.**

2. **3** points are deducted for acceptance of responsibility for total offense calculation of 45.

3. Pursuant to Chapter 5, Part A (comment n.2) where the total offense level is greater than 43, the offense is treated as level **43.**

4. Defendant has objected to the inclusion of 2 points for conduct related to an uncharged victim. Regardless of the outcome of that objection, the Total Offense Level is still **43.**

5. Defendant has a criminal history score of Category VI.

6. A Total Offense Score of 43 with Criminal History VI results in a guideline range **life** in prison.

## III. APPLICABLE DEPARTURES.

None.

## IV. REQUESTED VARIANCES.

### A. Under Privileged History and Childhood Trauma.

As noted in the presentence report, Mr. Speller had an extremely difficult childhood. His mother was completely absent and he was raised by an abusive father. The family suffered significant financial hardship and he often had to do without the basic necessities of life.

### B. Mental Health and Substance Abuse.

Mr. Speller was diagnosed and hospitalized with bipolar disorder at the age of 13. He was involuntarily committed to a psychiatric facility on several occasions. He has been on and off psychiatric medications since then.

Mr. Speller also has a history of substance abuse, including Xanax and marijuana. While he does not believe he needs treatment for substance abuse, there is no question his substance abuse has contributed to his current situation.

C. "C" Plea.

Defendant has entered into "C" plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) whereby the parties have agreed the defendant's sentence should be between 20 and 25 years of imprisonment.

IV. 18 U.S.C.§3553(a) Factors.

a. Nature and Circumstances of the Offense.

Defendant fell in with a group of people, some of whom were homeless, who sold sex to pay for their needs. He was used as a driver and security for the women who were prostituting. The money earned went largely into paying for a place for the group to stay (usually motel rooms) and things to eat. He did not know the ages of the women involved. Two of the women later claimed that he used force and violence against them to make them participate in the sex trade, and evidence shows they were also underage at the time.

b. History and Characteristics of the Defendant.

Mr. Speller is a 34-year-old man who was born and raised in Philadelphia. As revealed in the presentence report, the defendant had a very difficult childhood. His mother was a "crackhead" and never in his life. He lived with his father in the Frankford area when he was growing up. There was a lot of financial insecurity with utilities being turned off, and sometimes not even enough

money for food. His father abused him regularly and was arrested twice for child abuse. On one occasion his father spilled boiling water on him. At the age of 16, Mr. Speller started living on the streets. He worked several jobs while still attending high school. He ultimately graduated from Frankford High School.

At the time of his arrest, Mr. Speller was living with his sister, her husband, and their 4 children. His sister reports that he was very involved with parenting his own children prior to his arrest. He has 2 daughters from two different mothers. Both mothers are employed and are the primary caregivers to the children.

Mr. Speller is a trained boxer who has been employed training other people how to box throughout his adult life. He has also worked at Applebees and had small jobs through 2023.

It should be noted that the current offenses occurred almost 4 years before he was arrested, and other than one unauthorized use of a credit card in 2021, defendant was staying out of criminal trouble until the time of his arrest.

c. Section 3553(a)(2) Factors.

18 U.S.C. §3553(a) states, "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

Those purposes are: 1) to reflect the seriousness of the offense, promote respect for the law, and to provide just

punishment, 2) to afford adequate deterrence to criminal conduct, 3) to protect the public from further crimes of the defendant, 4) to provide care, training, and treatment to the defendant.

The Court will apply its own reasoning to the application of the first two factors set forth in Section 3553(a)(2), but a starting point is usually the applicable sentencing guidelines and mandatory minimums.

Here, however, the defendant has entered into a "C" plea which will set his sentence between 20 and 25 years if accepted by the Court.

1. Reflect the Seriousness of the Offense.

20 years in prison is enough time to reflect the seriousness of the offense.

2. Adequate Deterrence.

20 years of incarceration is enough time to provide adequate deterrence to anyone contemplating a crime such as this.

3. Protection from Future Crimes of Defendant.

The defendant will be 52 years old by the time he is released from incarceration if he is sentenced to 20 years. At that age, and after serving 20 years in prison, it is very unlikely defendant will engage in criminal conduct upon his release.

4. Need for Care, Treatment, and Training.

Defendant can get the care, treatment, and training he needs during a 20-year sentence.

## V. CONCLUSION.

For the reasons set forth above, Mr. Speller requests this Honorable Court to vary downward and order a sentence of 20 years of incarceration followed by a term of supervised release.

Respectfully Submitted,

/s/James F. Brose

James F. Brose, Esq.
Brose Law Firm
617 Railroad Ave.
Haverford, PA 19041
610-891-1989

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CRIMINAL NO. 24-CR-453 |
| | : | |
| QUINYON SPELLER | : | |

CERTIFICATION OF SERVICE

I, James F. Brose, hereby certify that I electronically filed a copy of the foregoing documents with the Clerk of Courts using CMECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Priya DeSouza, Esq.
United States Attorney's Office
615 Chestnut Street
Philadelphia, PA 19106

Date: August 26, 2026

/s/ James F. Brose
James F. Brose, Esq.
Brose Law Firm
617 Railroad Ave.
Haverford, PA 19041
610-891-1989